## Jones v. American Car and Foundry Company.

(Decided May 15, 1913).

Appeal from Floyd Circuit Court.

Trial—Verdict Will Not Be Disturbed Where Evidence Is Conflicting.— Where the verdict of a jury is not flagrantly against the evidence, it will not be set aside and a new trial granted, although the weight of the evidence may appear to us to be against the verdict.

BLAIR & GOBLE for appellant.

HARKINS & HARKINS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The motion to dismiss the appeal in this case, which was postponed to be heard with the merits, presents quite a serious question, but we have concluded to dispose of the case on the merits, and so it does not seem necessary to further notice the motion to dismiss.

The appellant, Jones, brought this suit to recover from the appellee company about nineteen hundred dollars on account of the alleged breach of a timber contract. The jury assessed his damage at two hundred dollars, and not being satisfied with the amount of the recovery, he prosecutes this appeal.

The contract that is the basis of the action was made in August, 1909, between D. K. Johnson and the appellant, Jones, as parties of the first part, and the appellee company as party of the second part. By the terms of the contract Johnson and Jones agreed to cut and haul and place in floating water on Beaver Creek certain trees owned by the company, for which they were to receive a specified compensation. It was further agreed that the

parties of the first part were to complete the cutting of the trees during August and September, 1909, and deliver them in the water not later than May 1, 1910, on which date the contract expired. It was further stipulated that if the parties of the first part for any cause failed or neglected to do the work properly and promptly, it should be optional with the company to engage other men to do it or cancel the contract.

Appellant in his petition averred that he and Johnson commenced work under the contract and hauled and delivered a number of logs at the place appointed, and that their compensation amounted to $514.60, one-half of which belonged to Jones and the other half to Johnson. He averred that when this money was due Johnson had become insolvent and he notified the company not to pay Johnson his, Jones', part of the money, but that in violation of his request, it paid Johnson the whole of it, and as a consequence, he, Jones, lost his half.

He further averred that soon after this he purchased Johnson's interest in the contract and cut, hauled and delivered a number of logs, which, at the contract price, would entitle him to $669.60, but the company refused to pay him any part of this sum. He further averred that he did a great deal of work preparatory to delivering other logs, but that the company failed to pay him monthly, as the contract provided, and as a result he did not have sufficient means to complete the contract by the first of May, 1910, and was damaged several hundred dollars by this breach.

In its answer, the company, after controverting the affirmative averments of the petition, pleaded that the appellant, without any fault on its part, failed to prosecute the work promptly and in fact practically abandoned the contract, and thereupon it was compelled to employ other persons to complete the contract.

After evidence has been introduced by both parties, the court instructed the jury in substance that if they believed from the evidence that Jones, after Johnson had transferred his interest in the contract to him, hauled and delivered 6,996 cubic feet of timber according to the contract, they should find in his favor ten cents per cube for the amount so hauled and delivered, but if they believed that Jones did not deliver any timber under the contract, then they should find for the company on this item. They were further instructed that if they believed Jones, after having done considerable work in getting

timber ready to be delivered, was forced to abandon the contract by reason of the failure or refusal of the company to pay him amounts due under the contract, they should find for him in the value of the work he did in preparing to deliver the logs, not exceeding seven hundred dollars. They were further instructed that if they believed that Johnson and Jones, or Jones, was forced to abandon his contract by reason of the failure of the company to pay them or either of them the money it agreed to pay under the contract, then they should find for Jones the profit he would have made on the contract, not exceeding $325. They were also told that if they believed Jones abandoned the contract or failed to perform his part of it, and that this conduct on his part was not due to any fault of the company, they should find for the company.

These instructions, to which there is no objection, presented fully and fairly to the jury every aspect of the case. The only ground assigned for reversal is that the verdict is flagrantly against the evidence. We have read the evidence carefully, but it would serve no useful purpose to relate it here. It is sufficient to say that the evidence was conflicting upon every issue submitted to the jury. Upon some issues the weight of it was with appellant and upon others with appellee, but on every issue there was some evidence in behalf of each party. The rule so frequently announced, that a jury is as well, if not better, qualified than we are to settle simple disputed questions of fact, is peculiarly applicable to this case. There is no question of law involved, and the verdict is not so flagrantly against the evidence as to justify us in disturbing it.

Judgment is affirmed.